# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ANGELA SHEA McKITTRICK,

    *Plaintiff,*

       v                                        Case No.: 8:26-cv-1952

RONALD McCALL,

    *Defendant.*

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ANGELA SHEA McKITTRICK ("Plaintiff"), by and through undersigned counsel, and files this civil action against Defendant RONALD McCALL, individually and doing business through unknown entities ("Defendant"), for violations of the Trafficking Victims Protection Act, 18 U.S.C. § 1589 et seq., the Fair Labor Standards Act, and related federal and state laws, and alleges as follows:

## INTRODUCTION

1. This is a civil action arising from a pattern of labor trafficking, exploitation, and coercion carried out by Defendant Ronald McCall against Plaintiff Angela Shea McKittrick. For years, Defendant compelled Plaintiff to perform extensive labor under conditions of dependency, intimidation, and control, while withholding lawful wages and basic necessities, and leveraging housing and survival needs to maintain that control.

2.     Defendant operated a scheme in which Plaintiff and other vulnerable individuals were required to work excessive hours, including overnight and seven days per week, without meaningful compensation, under the pretense that such labor would satisfy purported rental obligations. In reality, Plaintiff was deprived of wages, subjected to unsafe and uninhabitable living conditions, and repeatedly threatened with eviction, homelessness, and further harm if she failed to comply.

3.     As part of this scheme, Defendant exercised control over Plaintiff's housing, finances, transportation, and access to basic resources, including food and safe shelter. Defendant also transported Plaintiff across state lines for work without pay, and on at least one occasion abandoned her without resources, further reinforcing Plaintiff's dependence and vulnerability. Plaintiff reasonably believed that she had no viable alternative but to continue working under Defendant's control.

4.     Defendant's conduct was not isolated, but part of a broader pattern and practice carried out through a network of unknown business entities and associated individuals, through which Defendant owned, managed, and controlled multiple residential properties used to facilitate and perpetuate this exploitation.

5.     Through these actions, Defendant violated the Trafficking Victims Protection Act, 18 U.S.C. § 1589 et seq., the Fair Labor Standards Act, and related federal and state laws. Plaintiff brings this action to recover damages for the severe economic, physical, and emotional harm she has suffered, and to hold Defendant accountable for this unlawful scheme.

## JURISDICTION AND VENUE

**Jurisdiction**

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this case arises under the laws of the United States, including the Trafficking Victims Protection Act, 18 U.S.C. § 1589 et seq., and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

7.      This Court also has jurisdiction pursuant to 28 U.S.C. § 1343, as this action seeks to redress the deprivation of rights secured by federal law.

8.      This Court has supplemental jurisdiction over Plaintiff's related state law claims, if any, pursuant to 28 U.S.C. § 1367, because those claims form part of the same case or controversy.

**Venue**

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

10.     Venue is further proper in the Tampa Division of the Middle District of Florida because Defendant resides in, and/or conducts business in, Polk County, Florida, and the acts and omissions giving rise to this action occurred in substantial part within Polk County, which lies within this Division.

11.     At all relevant times, Defendant transacted business in this District and exercised control over residential properties and labor activities within this District, giving rise to the claims asserted herein.

3

**PARTIES**

12.     Plaintiff, ANGELA SHEA McKITTRICK ("Plaintiff"), is a natural person and resident of Polk County, Florida. At all times material, Plaintiff resided in properties owned, operated, or controlled by Defendant within this District and performed labor for Defendant under the conditions described herein.

13.     Defendant, RONALD McCALL ("McCall"), is a natural person who, upon information and belief, resides in Polk County, Florida. At all times material, McCall owned, operated, managed, and/or controlled multiple residential properties and associated labor activities within Polk County, Florida, and acted individually and through various unknown business entities.

14.     At all relevant times, McCall functioned as an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and as a person and participant in a venture within the meaning of the Trafficking Victims Protection Act, 18 U.S.C. § 1595, in that he knowingly obtained labor and services from Plaintiff through means of coercion, abuse of power, and exploitation of Plaintiff's vulnerability.

15.     At all relevant times, Defendants, and each of them, acted in concert with one another and as agents, servants, employees, partners, joint venturers, and/or co-conspirators of one another, and in doing so were acting within the course and scope of such relationships and with the knowledge, permission, authorization, and consent of the others.

**GENERAL FACTUAL ALLEGATIONS**

16.     Beginning in or around 2021, Plaintiff entered into a relationship with Defendant McCall in connection with residential housing and work opportunities at properties owned, operated, or controlled by McCall in Polk County, Florida.

17.     At all relevant times, Defendant McCall owned, managed, and/or controlled multiple residential properties in and around Haines City and Lake Wales, Florida, and used those properties as part of an ongoing course of conduct involving the extraction of labor from tenants and other vulnerable individuals.

18.     Defendant represented to Plaintiff that she could reside at his properties and that any labor she performed would be credited toward rent and living expenses. In reality, Defendant required Plaintiff to perform substantial labor while failing to provide lawful compensation, adequate housing, or basic living conditions.

19.     Plaintiff, along with others similarly situated, was required to work excessive hours, including overnight shifts and up to seven days per week, performing tasks such as property maintenance, repairs, cleaning, and other labor for Defendant's benefit.

20.     Despite Plaintiff's continuous labor, Defendant failed to pay wages and instead maintained that Plaintiff's labor was applied toward rent, while simultaneously asserting that Plaintiff remained in arrears and subject to eviction.

21.     Defendant used threats of eviction, homelessness, and financial instability to coerce Plaintiff into continuing to provide labor without pay. Plaintiff reasonably believed that failure to comply with Defendant's demands would result in immediate loss of housing and inability to meet basic survival needs.

22.    The residential properties provided by Defendant were frequently unsafe, uninhabitable, and lacking basic necessities, including but not limited to adequate electricity, running water, cooking facilities, and secure living conditions. Plaintiff was at times forced to devise makeshift solutions for water and other utilities.

23.    Upon initially residing at Defendant's property, Plaintiff lacked access to basic utilities, including running water, and was forced to construct makeshift systems using drums, pumps, and hoses in order to obtain water necessary for daily survival.

24.    Plaintiff was further subjected to dangerous and hazardous conditions at Defendant's properties, including suspected carbon monoxide exposure resulting from generator use and apparent tampering with electrical systems, which caused physical symptoms and illness to both Plaintiff and her service animal.

25.    Defendant exercised control over Plaintiff's housing, access to resources, and financial stability, thereby limiting Plaintiff's ability to leave or refuse work without facing significant harm.

26.    In or around October 2021, Defendant transported Plaintiff across state lines, including to New Orleans, Louisiana, for the purpose of performing labor. During this time, Plaintiff worked extended hours without compensation and without meaningful control over her circumstances.

27.    While in New Orleans, Plaintiff was left without money, resources, or independent means of returning home. Plaintiff reasonably believed she was dependent on Defendant for her safety and return to Florida.

28. During this period, Plaintiff experienced sudden and unexplained incapacitation, including prolonged unconsciousness lasting approximately sixteen hours, after which she awoke disoriented and physically injured. Plaintiff reasonably believes she may have been drugged or otherwise rendered unable to act.

29. Upon returning to Florida, Plaintiff continued to experience coercion, including threats of eviction, interference with her housing stability, and conduct designed to maintain control over her labor and living conditions.

30. Upon information and belief, Defendant interfered with Plaintiff's ability to receive legal notices by altering or displacing Plaintiff's mailbox, causing Plaintiff to miss court-related communications and impairing her ability to protect her legal rights.

31. In furtherance of Defendant's coercive conduct, individuals acting on Defendant's behalf offered Plaintiff a nominal sum of money, a tent, and transportation to a remote wooded area if she would vacate the property, reinforcing Plaintiff's fear of homelessness, isolation, and harm.

32. Defendant engaged in fraudulent conduct, including the creation and use of false rent logs, fabricated lease agreements, and misuse of rental assistance programs, in order to misrepresent Plaintiff's financial obligations and maintain control over Plaintiff through artificial and manipulated debt.

33. Defendant's actions were not isolated to Plaintiff but were part of a broader pattern and practice affecting multiple individuals residing in Defendant's properties, which consistently lacked basic living conditions and were used to extract labor through similar coercive means.

34.     Plaintiff reported aspects of Defendant's conduct to law enforcement authorities on multiple occasions, including in New Orleans, Louisiana, and Winter Haven, Florida, further evidencing the severity and ongoing nature of the conduct.

35.     Upon information and belief, Defendant carried out this conduct through and in coordination with various unknown business entities and individuals, which Defendant used to own, operate, and control residential properties and associated labor activities, including persons and entities responsible for managing properties, enforcing Defendant's directives, and otherwise facilitating the unlawful scheme described herein.

36.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer significant economic harm, including unpaid wages, as well as physical, emotional, and psychological injuries.

37.     Plaintiff did not voluntarily consent to the conditions imposed by Defendant, and any apparent acquiescence was the result of coercion, abuse of power, and exploitation of Plaintiff's vulnerability and dependence.

## CAUSES OF ACTION

**Count I-Violation of the Trafficking Victims Protection Act**
**(Forced Labor – 18 U.S.C. § 1589; Civil Remedy – 18 U.S.C. § 1595)**
*(Against All Defendants)*

38.     Plaintiff realleges and incorporates by reference paragraphs 1 through 40 as if fully set forth herein.

39.    At all relevant times, Defendants, including Defendant McCall and JOHN (collectively, "Defendants"), knowingly obtained and provided the labor and services of Plaintiff.

40.    Defendants obtained Plaintiff's labor and services through means of force, threats of force, physical restraint, or threats of physical restraint, and through serious harm and threats of serious harm to Plaintiff, within the meaning of 18 U.S.C. § 1589.

41.    Defendants also obtained Plaintiff's labor and services through the abuse and threatened abuse of law and legal process, including but not limited to manipulation of rental obligations, eviction threats, interference with Plaintiff's access to legal notices, and misuse of legal and housing systems to maintain control over Plaintiff.

42.    Defendants further obtained Plaintiff's labor and services through a scheme, plan, and pattern intended to cause Plaintiff to believe that, if she did not perform such labor and services, she would suffer serious harm, including but not limited to homelessness, financial ruin, deprivation of basic necessities, and other substantial physical, psychological, and economic harm.

43.    The "serious harm" faced by Plaintiff included non-physical harm, including financial instability, lack of access to housing, deprivation of food and utilities, exposure to unsafe and hazardous living conditions, and severe emotional and psychological distress, all of which would compel a reasonable person in Plaintiff's position to continue performing labor in order to avoid such harm.

44.     Defendants knowingly and intentionally exploited Plaintiff's vulnerabilities, including her dependence on Defendant for housing, resources, and basic survival needs, in order to obtain her labor and services without lawful compensation.

45.     Defendants' conduct was part of a venture, within the meaning of 18 U.S.C. § 1595, in which Defendants knowingly benefited, financially and otherwise, from participation in a scheme that obtained labor through coercion and exploitation.

46.     Defendant McCall, individually and through unknown entities, knowingly benefited from Plaintiff's unpaid labor, including through property maintenance, repairs, and other services that increased the value and operation of Defendant's residential properties.

47.     As a direct and proximate result of Defendants' violations of the Trafficking Victims Protection Act, Plaintiff has suffered damages, including but not limited to unpaid wages, economic losses, physical injury, emotional distress, pain and suffering, and other compensable harms.

48.     Pursuant to 18 U.S.C. § 1595, Plaintiff is entitled to recover compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**COUNT II-Violation of the Fair Labor Standards Act**
**(Minimum Wage and Overtime – 29 U.S.C. § 201 et seq.)**
***(Against All Defendant McCall)***

49.     Plaintiff realleges and incorporates by reference paragraphs 1 through 40 as if fully set forth herein.

50.    At all relevant times, Defendant Ronald McCall ("Defendant") was an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), in that he acted directly or indirectly in the interest of an employer in relation to Plaintiff.

51.    At all relevant times, Plaintiff was an "employee" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e), in that she was suffered or permitted to work by Defendant.

52.    At all relevant times, Defendant was engaged in commerce and/or in the production of goods for commerce, or otherwise constituted an enterprise engaged in commerce, within the meaning of 29 U.S.C. § 203(s), including through the ownership, operation, and management of residential rental properties and related business activities.

53.    At all relevant times, Plaintiff was engaged in commerce or in the production of goods for commerce, or in activities closely related and directly essential to such commerce, including performing labor and services related to the maintenance, repair, and operation of Defendant's residential properties.

54.    Defendant required Plaintiff to work numerous hours each week, including hours in excess of forty (40) per week, performing work such as property maintenance, repairs, cleaning, and other labor for Defendant's benefit.

55.    Defendant failed to pay Plaintiff the federally mandated minimum wage for all hours worked, in violation of 29 U.S.C. § 206.

56.    Defendant further failed to compensate Plaintiff at a rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) per week, in violation of 29 U.S.C. § 207.

57.     Defendant's failure to pay minimum wages and overtime compensation was willful, in that Defendant knew or showed reckless disregard for whether his conduct was prohibited by the Fair Labor Standards Act.

58.     As a direct and proximate result of Defendant's violations of the Fair Labor Standards Act, Plaintiff has suffered damages, including but not limited to unpaid minimum wages, unpaid overtime compensation, and other economic losses.

59.     Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover her unpaid wages, an equal amount as liquidated damages, and reasonable attorneys' fees and costs.

### COUNT III-Unjust Enrichment (Pled in the Alternative)
### *(Against Defendant McCall)*

60.     Plaintiff realleges and incorporates by reference paragraphs 1 through 40 as if fully set forth herein.

61.     This claim is pled in the alternative to Plaintiff's statutory claims.

62.     Plaintiff conferred a direct and substantial benefit upon Defendant by performing labor and services, including but not limited to property maintenance, repairs, cleaning, and other work that enhanced the value, condition, and operation of Defendant's residential properties.

63.     Defendant knowingly accepted, retained, and benefited from Plaintiff's labor and services.

64.     Defendant accepted and retained these benefits under circumstances that make it inequitable for Defendant to retain such benefits without paying the fair and reasonable value of Plaintiff's labor.

12

65. At all relevant times, Plaintiff had a reasonable expectation of receiving compensation for the labor and services she provided.

66. Defendant failed to compensate Plaintiff for the value of her labor and services, thereby unjustly enriching himself at Plaintiff's expense.

67. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages, including the value of the benefits conferred upon Defendant.

## COUNT IV-Fraud / Fraudulent Misrepresentation (Pled in the Alternative)
### *(Against Defendant McCall)*

68. Plaintiff realleges and incorporates by reference paragraphs 1 through 40 as if fully set forth herein.

69. This claim is pled in the alternative to Plaintiff's statutory claims.

70. At all relevant times, Defendant Ronald McCall ("Defendant") made false representations of material fact to Plaintiff regarding the nature of Plaintiff's financial obligations, rental status, and entitlement to compensation.

71. Specifically, Defendant represented to Plaintiff that:

a) Plaintiff's labor would be credited toward rent and living expenses;

b) Plaintiff remained indebted for rent despite performing substantial labor; and

c) Plaintiff was required to continue working in order to satisfy purported financial obligations.

72.    These representations were false when made. Upon information and belief, Defendant knowingly created and maintained false rent logs, fabricated lease agreements, and manipulated financial records to misrepresent Plaintiff's alleged debt and rental obligations.

73.    Defendant made these false representations knowingly, or with reckless disregard for their truth or falsity, and with the intent that Plaintiff would rely upon them.

74.    Plaintiff reasonably relied on Defendant's representations, including by continuing to perform labor and services under the belief that such labor would satisfy her financial obligations and secure her housing.

75.    As a direct and proximate result of Defendant's fraudulent conduct, Plaintiff was induced to continue providing labor without lawful compensation and to remain in a position of dependency and vulnerability.

76.    Defendant's conduct was willful, malicious, and undertaken for the purpose of exploiting Plaintiff for financial gain.

77.    As a direct and proximate result of Defendant's fraudulent misrepresentations, Plaintiff has suffered damages, including but not limited to economic losses, unpaid labor, and emotional distress.

### **PRAYER RELIEF**

WHEREFORE, Plaintiff ANGELA SHEA McKITTRICK respectfully requests that this Court enter judgment in her favor and against Defendants, and award the following relief:

A. Compensatory damages in an amount to be determined at trial for all economic and non-economic losses, including but not limited to unpaid wages, lost income, out-of-pocket expenses, and damages for emotional distress, pain and suffering, and other injuries;

B. Liquidated damages as provided by law, including but not limited to those available under the Fair Labor Standards Act, 29 U.S.C. § 216(b);

C. Punitive damages as permitted by law, including but not limited to those available under 18 U.S.C. § 1595 and applicable state law;

D. Restitution and disgorgement of all benefits unjustly obtained by Defendants as a result of Plaintiff's labor and services;

E. Reasonable attorneys' fees and costs as provided by applicable law, including but not limited to 18 U.S.C. § 1595 and 29 U.S.C. § 216(b);

F. Pre-judgment and post-judgment interest as permitted by law;

G. Such other and further relief, whether legal or equitable, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, ANGELA SHEA McKITTRICK, hereby demands a trial by jury on all issues so triable as a matter of right.

15

Dated: July 8, 2026

Respectfully Submitted,
**THE LAW OFFICES OF TRAVIS R. WALKER, P.A**
By: /s/Travis R. Walker
Travis R. Walker Esq.
Florida Bar No. 36693
1100 SE Federal Highway
Stuart, Florida 34994
Telephone:(772) 708-0952
travis@traviswalkerlaw.com
service@traviswalkerlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of July, 2026, a true and correct copy of the foregoing Complaint, together with the Summons and all accompanying documents, was served upon the Defendant in accordance with the Federal Rules of Civil Procedure.

16